OTTO G. SMITH

v.

E. W. WOOLSEY, FOR USE, ETC.

*Garnishment—City Treasurer, not Liable to Process of—Application to Municipal Corporation for License.*

1. A city treasurer is a mere agent of the municipal corporation, and is not liable to process of garnishment in respect of any money held by him by virtue of his office.

2. Funds voluntarily placed in a city treasury by an applicant for a license are not subject to garnishment although the license has not been issued nor the conditions necessary to its issue fully complied with by such applicant.

[Opinion filed January 8, 1887.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. SANFORD & CARNEY, for appellant.

Messrs. McKENZIE & CALKINS, for appellee.

BAKER, P. J. The only question in this case is, whether money paid to a city treasurer for a saloon license, is the subject of a garnishment.

The ordinances of the city of Knoxville provide as conditions precedent to the issuance of a dram- hop license, that an application in writing shall be made therefor, accompanied by a bond such as is required by the ordinance, and that the license money at the rate of $500 per annum shall be paid in advance.

On the 5th day of May, 1885, E. W. Woolsey made written application to the City Council for license to keep a dram shop for the period of one year from the first day of May, but it was not accompanied by either a bond or a receipt for the license money. Early the next morning he paid to appellant, City Treasurer of Knoxville, the $500 required for such license, and took from him a receipt, signed as city treasurer, and specifying that the money was received for a liquor license for the year 1885. The appellant immediately entered the transaction on his treasurer's books, gave the city credit for the license money and charged himself with it as treasurer, and deposited it in a bank to the credit of the city. A few hours thereafter, and on the same day, A. M. Parmenter, a judgment creditor of Woolsey, whose execution had been returned "no property found," sued out a garnishee process before a Justice of the Peace, which was at once served upon appellant and others as garnishees. Woolsey did not present to the City Council the bond demanded by the ordinance until the 11th of May, when it was approved and the application for license granted.

We think this case falls clearly within the rule laid down in Triebel v. Colburn, 64 Ill. 276, where it was held that a city treasurer is a mere agent of the municipal corporation, and is not liable to process of garnishment in respect of any money held by him in virtue of his official authority. The money was received by appellant merely for and in behalf of the city, was receipted for in his official capacity, was entered on the books as belonging to the corporation, and forthwith mixed

Smith v. Woolsey.

with its funds by being deposited in the bank to its credit. It is true that at the time of the service of the garnishment writ the necessary bond and security had not been given, and it was a matter of some uncertainty whether the license would even be granted; but in the event no license was issued, the demand of Woolsey for a return of the money paid would have been a claim against the city and not a personal demand against appellant. The latter had done with the $500 that which Woolsey directed him to do, and his action in so doing did not have the effect to make him the debtor of Woolsey; and Woolsey could not have maintained an action against him for the money. Whether Woolsey would even have a claim against any person or corporation for repayment of the money, depended upon contingencies, and these contingencies have never happened. He had voluntarily placed the funds in the city treasury, and to withdraw them therefrom would require action on the part of the City Council. The policy of the law and the public welfare will not permit a city or its treasurer to be embarrassed by garnishment suits such as this. Charges for licenses of various sorts constitute a very considerable portion of the reverses and financial resources of our municipal corporations; and it would work great detriment to public interests if, after such charges have been paid to the city or its proper officers, they can be appropriated by process of law in satisfaction of the indebtedness of creditors of the persons applying for such licenses. By the judgment of the Circuit Court, an appeal from the Justice of the Peace, appellant was held liable as garnishee. That judgment was erroneous and it is reversed.

*Reversed.*